UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. **1:25-cv-22542-JB**

SHARON MARTIN

Plaintiff,

v.

AT&T MOBILITY, LLC,

Defendant
_______________________________________/

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SHARON MARTIN, by and through undersigned counsel, and pursuant to 28 U.S.C. Section 1447, files this Motion to Remand this action to State Court and Incorporated Memorandum of Law. Plaintiff respectfully requests that this matter be remanded to state court and that it be awarded attorneys' fees and costs in connection with Defendant's improper removal pursuant to 28 U.S.C. § 1447(c). In support, Plaintiff states the following:

## I. BACKGROUND & UNDISPUTED FACTS

1. AT&T has improperly and untimely removed this case in an attempt to amalgamate it with a pending federal **class action** involving a data breach in a Multi District Litigation ("MDL") in Dallas, Texas, its home state. **This is not a class action**. Plaintiff's claim is not based on a federal cause of action. AT&T's data breach purportedly occurred in 2019, but AT&T did not disclose it until March 30, 2024. See https://about.att.com/story/2024/addressing-data-set-released-on-dark-web.html

2. AT&T has now attempted to settle the class action by providing the ability to opt

out of any class action settlement. See Exhibit 1. Unopposed Motion to Approve Class Action Settlement dated May 30, 2025.

3. AT&T removal to federal court is a pointless exercise to delay Plaintiff its day in court and force it to incur unnecessary attorney's fees by knowingly bringing the matter improperly to federal court. AT&T's conduct is contrary to the express terms set forth in any agreement between AT&T and the Plaintiff, which specifically prohibits the parties from participating in any class action.

4. AT&T cannot simply try to will or wish this case into federal court at its own convenience as this is antithetical to all federal jurisprudence on removal jurisdiction. For decades courts have always erred on the side of not removing cases and AT&T for some unknown reason seeks to distort this well-established body of law.

5. This case commenced on August 7, 2019 in the Small Claims division of the Miami-Dade County Court seeking damages of up to $8,000 (exclusive of attorney's fees and costs)

6. AT&T's Notice of Removal is untimely because when removal is based on diversity jurisdiction, it cannot be removed after the passage of one year from when the case initially commenced in the state court. See 28 U.S.C.1446(c). Given the case's commencement on August 7, 2019, AT&T's Notice of Removal is 1762 days late, and therefore untimely.

7. AT&T takes the position that Plaintiff's individual / non-class action lawsuit filed in the venue specifically chosen by AT&T (i.e., small claims court) is somehow subsumed by an unrelated class action involving different issues, different agreements, different damages, different laws, and it blatantly ignores the express written mutual waiver which prohibits both AT&T and the Plaintiff from participating in class actions.

8. When a customer has a complaint with AT&T, the contract requires customers to resolve the matter through an informal dispute resolution process, individual arbitration or **small claims court**. See Wireless Customer Agreement[1] with AT&T, Exhibit 1. AT&T specifically prohibits customers from participating in class actions and in that agreement AT&T pledges and agrees that it too will not participate in class actions:

> **PLEASE READ THIS AGREEMENT CAREFULLY TO ENSURE THAT YOU UNDERSTAND EACH PROVISION, INCLUDING OUR USE OF YOUR LOCATION INFORMATION (SEE SECTION 3.6). THIS AGREEMENT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS, AND ALSO LIMITS THE REMEDIES AVAILABLE TO YOU IN THE EVENT OF A DISPUTE.**

See Preamble.

> Most customer concerns can be resolved quickly and to the customer's satisfaction by calling our customer service department at 1-800-331-0500. **In the unlikely event that AT&T's customer service department is unable to resolve a complaint you may have to your satisfaction (or if AT&T has not been able to resolve a dispute it has with you after attempting to do so informally), we each agree to resolve those disputes through binding arbitration or small claims court instead of in courts of general jurisdiction.** Arbitration is more informal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Arbitrators can award the same damages and relief that a court can award. **Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** For any non-frivolous claim that does not exceed $75,000, AT&T will pay all costs of the arbitration. Moreover, in arbitration you are entitled to recover attorneys' fees from AT&T to at least the same extent as you would be in court.

See Exhibit 2, Paragraph 2.1, Summary.

[1] Plaintiff believes that the actual agreement contains these terms.

> Communications Commission. Such agencies can, if the law allows, seek relief against us on your behalf. **You agree that, by entering into this Agreement, you and AT&T are each waiving the right to a trial by jury or to participate in a class action.** This Agreement evidences a transaction in interstate commerce, and thus the Federal Arbitration Act governs the interpretation and enforcement of this provision. This arbitration provision shall survive termination of this Agreement.

See Exhibit 2, Paragraph 2.2.

9. Even if the Court were to ignore AT&T's untimely removal papers in seeking removal based on diversity jurisdiction, AT&T asks this Court to engage in speculation and conjecture regarding whether Plaintiff's claim is somehow subsumed by an unrelated class action filed in a different state, which may or may not have the identical agreement even though AT&T and Plaintiff herein specifically agreed to waive the right to participate in class actions.

10. Even ignoring AT&T's specific agreement to not participate in class actions at this point, AT&T's basis for removal is substantively barred and thus this case does not belong in federal court subject to a possible transfer to another district. In an effort to satisfy the $75,000 amount in controversy requirement, AT&T relies on rank speculation to support the assertion that Plaintiff's claim exceeds $75,000 and it ignores the black letter law which focuses the inquiry on the amount in controversy at the time of removal by pontificating on the amount of attorney's fees incurred.

11. While there are statutory attorney's fees pled, they are in fact *discretionary* under the plain language of Sec. 501.2105, Fla. Stat. (Florida's Unfair and Deceptive Trade Practices Act) and therefore AT&T's basis to inflate the amount in controversy is fundamentally flawed. For purposes of invoking diversity jurisdiction, AT&T cannot rely on rank conjecture with no evidence whatsoever. If prospective attorney's fees were properly part of the amount in

controversy for removal, then virtually every Personal Injury Protection (PIP) case against a non-Florida insurer (i.e., State Farm, Allstate, Progressive, Geico, etc.) would end up in federal court.

12. Prior to being transferred to another court, this Court must and should decide whether proper federal subject matter jurisdiction lies at all. Based on the following, it does not, and this Court must remand the matter back to state court.

13. Plaintiff further seeks its costs and attorney's fees incurred as a result of AT&T's improper removal pursuant to 28 U.S.C. Section 1447, which authorizes an award of costs and any expenses, including attorney fees.

## II. MEMORANDUM OF LAW

### A. Legal Standard

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *See Meyer v. Health Mgmt. Assocs.*, 841 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981). Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction, and all uncertainties as to removal jurisdiction should be resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co*., 264F.3d 1040, 1050 (11th Cir. 2001). Removal statutes are construed narrowly. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established. *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1328-29 (11th Cir. 2006). *See also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

Due to the presumption **against** the exercise of federal jurisdiction, the party attempting to invoke a federal court's jurisdiction bears the burden of establishing that jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc*., 298 U.S. 178, 189 (1936); *see also Hobbs v. Blue*

*Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001) ("the party seeking removal . . . had the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence"). *See also* 28 U.S.C.S. § 1446(c)(2)(B)("removal of the action is proper … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000"). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

When a defendant effects removal based on diversity of citizenship under Section 1332(a)(1) and the amount in controversy does not appear on the face of the plaintiff's state court complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). To support its claim of jurisdiction, the defendant must submit evidence speaking to the amount in controversy, including affidavits, declarations, deposition transcripts, or other documents. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

**B. AT&T's Notice of Removal is Procedurally Barred as Untimely**

**1. AT&T's Removal based on 28 U.S.C. 1332(a) is Time Barred Pursuant to 28 U.S. 1446(c)(1)**

AT&T's removal, based on Plaintiff's Second Amended Statement of Claim which purportedly contains the removable claim—a state court law violations based on a data breach—is not a federal cause of action. There is no dispute that Plaintiff's original complaint was not removable as no federal claims were pled and the amount in controversy was less than $75,000. Nothing has changed with Plaintiff's Second Amended Statement of Claim regarding the fact that it involves state court claims for less than $75,000.

Because the action commenced on August 7, 2019 and AT&T's notice of removal was filed on June 4, 2025, based on 1446(b)(3)—AT&T's notice of removal is 1762 days late, and

remand is required. Removal based on an amended complaint, (section (b)(3)), is limited to no later than one year after the commencement of the *action* in diversity cases. *Ambrose v. Progressive Select Ins. Co.*, No. 6:23-CV-2255-WWB-DCI, 2024 WL 4117238, at *2 (M.D. Fla. Sept. 9, 2024).

> (1)A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
>
> See 28 U.S.C. § 1446(c)(1).

Under Florida law, an action is deemed commenced **when the complaint is filed**. See Fla. R. Civ. P. 1.050 (stating that a civil action is commenced when the complaint is filed); see also Fed. R. Civ. P. 3 (same). Therefore, commencement happens when the complaint is filed and amendment of the complaint adding a claim does not commence the action anew. *Barroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F.Supp.2d 1344, 1346 (M.D. Fla. 2013); see *Lee*, 2016 WL 6246911, at *2 ("the amendment of a complaint does not reset the clock for removal purposes"); *van Niekerk v. Allstate Ins. Co.*, No. 12-62368-CIV, 2013 WL 253693, at *2-4 (S.D. Fla. Jan. 23, 2013) (remanding on the ground that the amended bad faith claim was added nearly three years after the action was brought and stating that the addition of a party or claim is not the same as the "commencement of an action"); *Franck v. State Farm Mut. Auto. Ins. Co.*, No. 6:11-CV-1422-ORL, 2011 WL 12657295, at *4 (M.D. Fla. Oct. 21, 2011) ("Plaintiff's bad faith claim based on diversity is not a separate and independent claim for removal purposes"); *Moultrop v. GEICO Gen. Ins. Co.*, 858 F.Supp.2d 1342, 1346-47 (S.D. Fla. 2012) ("[T]he addition of a new claim does not reset the one-year limitation period."); *Daggett v. Am. Sec. Ins. Co.*, No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576, at *2-3 (M.D. Fla. Apr. 17, 2008) (addition of a bad faith claim "was a new claim" but "not a new civil action").

## C. AT&T's Attempt at Removal is Substantively Barred

### 1. The Class Action Fairness Act Does Not Establish Independent Federal Jurisdiction Over Plaintiffs' Non-Class Action Cases

AT&T argued in its disingenuous removal papers that the Class Action Fairness Act ("CAFA") establishes jurisdiction over a non-class action case filed in small claims court where the parties agreed to not participate in class actions. The plain language of the removal statute that AT&T relies on only applies to class actions.

> "(2)The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, **and is a class action…**" (Emphasis Added)
>
> 28 U.S.C. § 1332(d)(2)(A)

The plain language of the removal statute requires the case itself to be a class action to be subject to removal. **This case is not a federal or state class action.** Even if there is an ambiguity in the removal statute when attempting to apply it to a non-class action case, the Eleventh Circuit has stressed that in "matters concerning removal and remand . . . 'it is axiomatic that ambiguities are generally construed **against** removal.'" W*hitt v. Sherman Int'l Corp*., 147 F.3d 1325, 1329 (11th Cir. 1998) *quoting Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979); *see also Burton v. AIRBNB*, No. 8:18-cv-1207-T-02TGW, 2019 WL 7253074 (M.D. Fla. Oct. 30, 2018) at *2 ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.") Therefore, AT&T's attempt to remove this case, a non-class action, based on a class action provisions of the removal statute is objectively frivolous.

AT&T cited three (3) cases to support CAFA jurisdiction over a non-class action case. While the undersigned agrees that the case must first properly be in federal court in order to involve

CAFA jurisdiction pursuant to *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014*)*, AT&T bears the burden to prove Plaintiff's case properly belongs in federal court given there is no federal question at issue. AT&T cannot with a straight face argue that the three cases it cited are even minimally persuasive given the plain language of the removal statute AT&T is travelling under—applying to class actions. None of the cases cited by AT&T actually involve **non-class action cases** like Plaintiff's, but instead involve two class actions and one mass action:

- In *In re Kitec Plumbing Sys. Prod. Liab. Litig.*, No. 09-MD-2098-F, 2010 WL 11618052, at *1 (N.D. Tex. Aug. 23, 2010), the Member Plaintiffs who filed motions for remand originally filed their class actions in the courts of the State of Washington. *See Steiner v. Ipex*, No. 2:10-cv-272-RAJ (W.D. Wash. 2010); *Hillary v. Ipex*, No. 2:10-cv-273-RSM (W.D. Wash. 2010). The Member Plaintiffs are represented by the same counsel of record in both class actions.

- In *Simon v. Marriott Int'l, Inc.*, No. PWG-19-1792, 2019 WL 4573415, at *1 (D. Md. Sept. 20, 2019), Plaintiffs Aryeh and Sassya Simon, filed their class action lawsuits on behalf of themselves and others similarly situated in state court in Connecticut seeking permanent injunctive relief and monetary damages from Defendants

- In *Sanders v. Kia Am. Inc.*, No. 8:23-CV-00486-JVS(KESX), 2023 WL 3974966, at *5 (C.D. Cal. June 13, 2023) Plaintiffs, numbering 113, filed a "mass tort action" on February 6, 2023, in Orange County Superior Court asserting five grounds for relief: (1) violations of the Consumer Legal Remedies Act ("CLRA"); (2) strict liability based on design defect; (3) gross negligence; (4) gross negligence – failure to recall; and (5) breach of implied warranty of merchantability. (Id. ¶¶ 137–201).

Given that Plaintiff's operative amended pleading is neither a class action nor a "mass action", CAFA jurisdiction simply does not lie. Plaintiff is an individual who sued AT&T in small claims court based on violations of Florida law exactly where AT&T told him to file suit. AT&Ts attempt to distort the caselaw is disingenuous to say the least.

**2. AT&T Failed to Prove by a Preponderance of the Evidence that the Amount in Controversy is in Excess of $75,000**

Even if the Court ignores chooses to ignore AT&T's untimely notice of removal, AT&T's express and unambiguous waiver to participate in class actions and the plain language of the

removal statute involving class actions, AT&T's bid for removal based on diversity jurisdiction fails substantively as AT&T failed to establish the amount in controversy in excess of $75,000. In determining whether subject matter jurisdiction exists in diversity cases, the Court must focus on the amount in controversy at the time of removal, not at a later point. *Pretka*, 608 F.3d at 751 (citations omitted). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema*, 450 F.3d at 1330 (internal citation omitted).

While the district court is certainly entitled to make reasonable inferences as to the amount in controversy, such inferences must be based on evidence in the record at the time of removal rather than mere "conjecture, speculation, or star gazing." *Pretka*, 708 F. 3d at 754. Removal of an action from state court constitutes an infringement on state sovereignty, such that the removal statute must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Accordingly, there is a "strong presumption that state court jurisdiction is proper," *Merced-Torres v. Merck & Co. Inc.*, 393 F.Supp.2d 1299, 1302 (M.D. Fla. 2005), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Notwithstanding AT&T's disingenuous basis to remove under CAFA when it agreed not to participate in class actions, AT&T failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. AT&T failed to attach to its Notice of Removal any admissible evidence to support its claim that the amount in controversy is in excess of $75,000 at

the time of removal, while the case was previously pending in the small-claims court with a jurisdictional limit of $8,000.

On the face of plaintiff's second amended small claims statement of claim, the amount in controversy is clearly stated to be as much as but more than the jurisdictional threshold of $8,000 by virtue of AT&T's contract, which only permits claims to be brought in the state court small-claims court. As a result, AT&T failed to offer any admissible evidence from which this Court could conclude that the amount in controversy requirement is satisfied in this case. *See Burton*, 2018 WL 7253074 at *2 ("According to the Eleventh Circuit, all doubts – not just some (sic) be resolved in favor of remand . . . construing any ambiguity in favor of remand, the Court finds that the amount in controversy has not been established by the removing entities.").

It is well established that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). Federal jurisdiction must be found to exist both at the time the complaint was filed and at the time the notice of removal was filed. *Rodriguez v. Gilat Latin Am.*, No. 06-61111-CIV-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 116371, at *8-9 (S.D. Fla. Oct. 16, 2006); *Sullivan v. Mochen*, 646 F. Supp. 216, 218 (S.D. Fla. 1986) (Zloch, J "This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 570–71 (2004); *citing Capron v. Van Noorden, 2 Cranch* 126, 2 L.Ed. 229 (1804).

Although the Eleventh Circuit has explained that "[w]hen a statute authorizes the recovery

of attorney's fees, a reasonable amount of those fees is included in the amount in controversy," *Morrison v. Allstate Indem. Co*., 228 F.3d 1255, 1265 (11th Cir. 2000), the amount is measured as accrued at the time of removal. Taking a previously awarded hourly rate of $650/hr by Plaintiff's counsel, AT&T improperly extrapolates that Plaintiff's "anticipated attorney's fees will reach the jurisdictional limit." AT&T relies on the unreported Middle District of Florida case of *Bele v. 21st Century Centennial Ins. Co*., No. 6:15-CV-526-ORL-40, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015) which involved the death of an automobile passenger and erroneously speculated on the applicability of **mandatory** attorneys' fees under 627.428, Fla. Stat. in order to artificially satisfy the jurisdictional amount-in-controversy.

Courts in the Southern District of Florida have "taken the stance 'that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees **accrued as of the time of removal**.'" *Pantoja v. GeoVera Specialty Ins. Co.*, No. 21-CV-24137, 2022 WL 189870, at *2 (S.D. Fla. Jan. 21, 2022) (citing *Hernandez v. ITW Food Equip., Grp. LLC*, No. 20-CV-24583, 2021 WL 602586, at *4 (S.D. Fla. Feb. 16, 2021)). *Frisher v. Lincoln Benefit Life Co*., No. 13–20268–CIV, 2013 WL 12092525, at *5 (S.D. Fla. Aug. 19, 2013); *Lott & Friedland, P.A. v. Creative Compounds*, LLC, No. 10–20052–CIV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010); *Rogatinsky v. Metro. Life Ins. Co.*, No. 09–80740–CIV, 2009 WL 3667073, at *2 (S.D. Fla. Oct. 26, 2009); *Waltemyer v. Nw. Mut. Life Ins. Co*., No. 2:06–cv–597–FM–29DNF, 2007 WL 419663, at *1–2 (M.D. Fla. Feb. 2, 2007)).

In the instant case, there were three (3) substantive hearings over five (5) years and no depositions conducted by any party. AT&T accordingly must show by admissible evidence that the attorney's fees Plaintiff likely accrued **at the time of removal** satisfy the amount in controversy requirement. AT&T filed no affidavits of any attorney's fees it has purportedly incurred in this action to even substantiate the possibility of recovery by Plaintiff on a permissive fee statute.

AT&T's theory ultimately fails and violates established jurisprudence, notwithstanding the discretionary nature of the statutory attorney's fees, which also requires the Court to speculate about whether any fees would be awarded at all. Therefore, AT&T's substantive attempt at removal fails.

**D. Plaintiff is Entitled to an Award of Attorney's Fees and Costs.**

At this juncture, AT&T's arguments are frivolous, and removal is objectively unreasonable given AT&T's untimely notice and agreement to not participate in class actions with Plaintiff. "For improvidently removing a case, frustrating the principals of judicial economy . . . and imposing needless litigation costs on the other party, a court may award attorneys' fees and costs." *Moates v. Cargill, Inc.*, No. CIV. A. 01-D-232-N, 2001 WL 910410, at *2 (M.D. Ala. 2001); *see also Gonzalez v. J.C. Penney Corp.*, 209 Fed. Appx. 867, 870 (11th Cir. 2019) (remanding case and awarding attorneys' fees where removal lacked an objectively reasonable basis). Refusal to accept the judgments of the courts is tantamount to abuse of the judicial system for purposes of delay. *Stafford v. U.S.*, 208 F. 3d 1177, 1178 (10th Cir. 2000); *cf. Lonsdale v. U.S.*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing tax protester arguments that have been repeatedly rejected by the courts and are thus deemed "patently frivolous").

## III. CONCLUSION

Simply stated, the facts at issue here reveal that AT&T's notice of removal is procedurally and substantively flawed and therefore barred. AT&T's reliance on CAFA jurisdiction for "federal class actions" which ignores the express language contained in AT&T's own agreement with its customers and creates a conflict and an ambiguity which requires the Court to remand the action to the small claims court where AT&T specifically told Plaintiff to bring this claim. Contracts are written to be enforced and as such, AT&T must live by its word.

AT&T's refusal to acknowledge its own contractual waiver to participate in class actions and yet seek federal jurisdiction based on a class action is textbook hypocrisy. By virtue of AT&T's own agreement, this is a quintessential local matter best addressed in the venue where the parties agreed to resolve their differences in small claims court in the zip code plaintiff resides in.

"[D]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934). *See also*, *MSP Recovery Claims, Series LLC et al v. Security National Insurance Company,* 1:23-CV-23194-CIV-ALTMAN at 3 (S.D. Fla. Nov. 20, 2023). Therefore, remand is proper as this Court lacks subject matter jurisdiction.

Accordingly, Plaintiff respectfully requests that this Court enter an Order remanding this action to the small claims court. If this Court remands this action, then Plaintiff further seeks her costs and attorney's fees incurred as a result of the improper removal pursuant to 28 U.S.C. Section 1447, which authorizes an award of costs and any expenses, including attorney fees.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

In accordance with Local Rule 7.1(a)(3) of the Rules of the United States District Court for the Southern District of Florida, the undersigned certifies that he has conferred with AT&T's counsel as to the relief sought herein in a good faith effort to resolve the issues presented in this Motion. The parties were not able to come to an agreement.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on June 6, 2025, a true and accurate copy of this document was filed and served on all counsel of record through the CM/ECF system.

Respectfully submitted,

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
2601 S. Bayshore Drive
Suite 770
Miami, FL33133
(305) 349-3930

By: *_/s/ Maury L. Udell, Esq._*
Maury L. Udell, Esq.
Fla. Bar No. 121673
mudell@bmulaw.com